BOWEN v. HUMPHREYS.

1. Where land is devised to trustees to divide the same equally and deliver possession to four children of testator, the trust is not executed until these duties are performed; and even after division, until delivery of

possession is actually made. The trustees alone, therefore, are the proper plaintiffs in an action to recover a part of the land so devised.

2. A receipt is always open to explanation, and the acknowledgment in writing made by one of these children that she had received from the trustees the possession of a lot of land, did not prevent the contrary from being shown.

Before PRESSLEY, J., Greenville, April, 1885.

This was an action by R. E. Bowen and Jane E. Cauble, as trustees, under the will of Henry A. Cauble, of the four children of said Henry, against Harriet M. Humphreys, to recover the possession of a lot of land in the city of Greenville. The case came to this court from an order of non-suit, and upon the following exceptions :

I. Because the action having been brought in the name of the trustees, and they having proved that the legal title to the property in dispute was vested in them, the presiding judge should not have granted a non-suit.

II. Because the presiding judge erred in granting a non-suit after it was shown by the testimony in the case that the *cestui que trust*, who is in being, had no legal title to the property in dispute.

III. Because the presiding judge erred in granting a non-suit, for if the *cestui que trust* did have a naked right to the possession of the property under the proof, she had no legal title and had never been put in actual possession of the property.

IV. Because the presiding judge erred in granting a non-suit in this case, for if the *cestui que trust* did have a naked right of possession, if she had been joined with the plaintiff in this action, there would have been a mis-joinder of parties.

V. Because the presiding judge erred in granting a non-suit in this case, for if the action had been brought in the name of the *cestui que trust*, she not having the legal title in her, the same would have failed, and therefore the action was properly brought.

VI. Because the plaintiffs being trustees of an express trust could maintain the action in their own names, and the presiding judge therefore erred in granting a non-suit in the case.

*Mr. M. F. Ansel*, for appellants.

*Messrs. Blythe & Mayfield,* contra.

March 24, 1886.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    The plaintiffs bring this action to recover possession of a certain lot of land in the city of Greenville, now in the possession of the defendant, the plaintiffs claiming title under the will of Henry A. Cauble.    The entire will is not set out in the "Case," but only the eighth and ninth clauses thereof, which read as follows:

"Item VIII.    I will and devise all the rest and residue of my real estate, wherever situated, unto my friend, Col. Robert E. Bowen, and my beloved wife, Jane E. Cauble, in trust for the sole and separate use of my four children, Bettie A. Gibson, Mattie L. Gilreath, James Oliver Cauble, and William H. Cauble, for and during the term of their natural lives, and after their death to such child or children as they may have living at the time of their death, their heirs and assigns forever.

"Item IX.    I will and devise that my executor and executrix herein named, as soon after my death as they may think best, do have the said real estate mentioned and devised in item VIII. of this my will, divided into four equal shares, delivering possession of one share to each of my said children, except the storehouses and lots on the corner of Main and Coffee streets and now known as the Cauble block, the same being brick stores and running as far up Coffee street as Laurens, which storehouses and lots I desire to be kept together and not divided; the rents and profits therefrom, however, to be equally divided between my said four children.    I also desire that my tanyard be run by my executor and executrix herein named until all the bark on hand at my death may be used up."

It seems that the persons appointed trustees as above were the same persons as those named as executor and executrix in the will, and that soon after the death of the testator they had the real estate appraised and divided as directed by the will, and that certain portions thereof designated in the "Case" were assigned to Mrs. Mattie L. Gilreath as her share, which includes the lot in controversy in this case, and that she gave to the plaintiffs a receipt as follows: "Received, Greenville, S. C., January 2, 1883, of R. E. Bowen, executor, and Jane E. Cauble, executrix,

of the estate of Henry A. Cauble, deceased, the possession of the following described real estate," &c., going on to describe the property so assigned to her, but in fact she never did receive possession of the lot in controversy, the same being withheld by the defendant under a claim of title thereto.

At the close of the testimony the Circuit Judge granted a nonsuit upon the ground, as seems to be assumed in the argument here, both on the part of the appellants and respondent, that the trustees having executed their trust they could not maintain the action, the legal title having passed to Mrs. Gilreath by virtue of the statute of uses. The only question, therefore, raised by this ppeal is whether there was error in granting the non-suit upon at ground.

There is no doubt that the statute will not execute the use as ng as there is anything remaining for the trustee to do, which nders it necessary that he should retain the legal title in order lly to perform the duties imposed upon him by the trust. ristow v. McCall, 16 S. C., 545, and the cases therein cited. that the practical inquiry in this case is, whether there was y duty remaining for the trustees to perform in order fully to rry into effect the objects of the trust. The first object of the 1st was to hold the property, the legal title to which was directly vised to the trustees for the sole and separate use of the four ildren of the testator, two of whom appear to be married men, for and during the term of their natural lives and after eir death to such child or children as they may have living at e time of their death; the next was to divide all the real estate vised to them except the brick stores known as the Cauble ock into four equal shares, delivering possession of one share to ch of said children, and the next to divide the rents and profits the Cauble block equally amongst the four children.

Whether it was necessary for the legal title to remain in the ustees in order to effect the first object of the trust since the ange in the law with respect to the separate property of a married woman, and whether the remainders to the children were sted or contingent, and if the latter whether it was necessary r the legal title to remain in the trustees to preserve such remainders, since the passage of the act of December 22, 1883

(18 *Stat.*, 430), are questions which were not raised in the case, and will not be considered here.   But it certainly was necessary that the trustees should retain the legal title in order to effect the second object of the trust—to divide the property and *deliver possession* of the several shares to the several children.   It is true that a portion of this object seems to have been accomplished in part at least by the appraisement of the property and apportionment made by the appraisers called in for that purpose, but what was equally necessary to be done in order fully to carry into effect the object of the trust—the delivery of possession— was certainly not done, for a portion of the property assigned to one of the children was then and is yet in the possession of the defendant claiming title thereto and refusing to surrender possession thereof.   Until, therefore, this controversy is determined, it is manifest not only that the trustees have not but cannot fully perform the duties imposed upon them by the trust; and the object of this action is to enable them to perform those duties.

The fact that Mrs. Gilreath has, by her receipt above mentioned, acknowledged that she has received possession of the lot in question, amounts to nothing; for it is well settled that a receipt is always open to explanation, and it is conceded in this case that she never did in fact receive possession of said lot, because the defendant is now and was at the time of the division in possession and refused to surrender the same.   Indeed, until the title to the lot here in controversy is finally determined, it may well be doubted whether the trustees could properly make any division of the property.   The terms of the trust require that the property shall be divided *equally*, and if it should turn out that the defendant in this action shall be able to establish a superior title to the testator so far as this lot is concerned, then the division which the trustees have attempted to make would not be an equal division, and the terms of the trust would not have been performed.

It seems to us clear, therefore, that there was error in granting the non-suit upon the ground that the trust being fully executed the title and the right to possession passed to Mrs. Gilreath by virtue of the statute of uses, and therefore that the action could not be maintained by the trustees.   On the contrary, we think

that the purpose and object of this action was to effect such a result as would be necessary to enable the trustees to perform fully the duties of the trust, and hence that the action is maintainable in their names.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.